Faunce, 75 F.(2d) 211, 22 C. C. P. A. (Patents) ——, decided concurrently herewith.

Modified.

## In re FAUNCE.

### Patent Appeal No. 3415.

**Court of Customs and Patent Appeals.**

**Feb. 4, 1935.**

Royal R. Rommel, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Benjamin Rice Faunce, the appellant, filed an application in the United States Patent Office for a patent upon certain improvements in pharmaceutical preparations and dentifrices.

The application and specification disclose that the product which the appellant has made consists of the combination and treatment of animal bile and glycerine for use, preferably, in a dentifrice form. In his process the appellant takes equal quantities of bile and glycerine, mixes them together, and puts them into a container wherein fermentation may take place. This mixture is permitted to stand for a period of approximately three months at a temperature of from 70° to 80° F., "until the apparent fermentation has ended." The appellant discloses that during this period bacteria have been produced, by means of which the apparent fermentation has been stopped, and discloses further, that if this reaction had not taken place, the use of the material in medicine might have harmful effects.

Further, the specification discloses that the use of 50 per centum glycerine in the mixture is material and essential. After the seasoning period, the glyceride of bile liquid is filtered through talc, and again through any approved type of bacterial filter, by which process the live and dead bacterial cells are removed. Thereupon the glyceride of bile is sterilized by heat at approximately a temperature of 220° F.

This glyceride of bile may be used as a prophylactic, anticongestive, or analgesic, but it is preferably used as a dentifrice. In the preparation of dentifrice, substantially 8 fluid ounces of the glyceride of bile is combined with 24 fluid ounces of glycerine, and then with some excipient or massing agent to give the dentifrice the proper consistence. Precipitated chalk or other base vehicle is used to give a paste form, to which flavoring matter may be added to give the proper flavor.

The specification further recites that this dentifrice, due to the glyceride of bile composition, will reduce congestion, act as a prophylactic, prevent the formation of tartar, prevent bleeding gums, cure halitosis, and keep toothbrushes clean and sanitary.

In support of this application, the appellant presented his affidavit in which he shows that the proportion of glycerine to be added to the bile is material and critical. For instance, he says: " * * * Deponent has made extensive experiments which conclusively demonstrate that the bile constituent will lose its identity, as such, by decomposition and putrefaction if a proportion of less than 30% of glycerine is utilized with the bile. Deponent states, on the other hand, that if the proportion of glycerine very appreciably overbalances the bile constituent the said glycerine will act as a pre-

servative for the toxins and other poisons which should be destroyed by bacterial process, so that a safe pharmaceutical preparation could never be produced."

Attached to said affidavit, as exhibits, are the statements of several dental surgeons who state the valuable results which have followed the use of the appellant's dentifrice, in pyorrhea, infected gums, and diseased mouth conditions, and to which is also attached certain clinical records of Dr. George C. Speirs and Dr. Oliver R. Campbell, both of Philadelphia, Pa., which clinical records fairly demonstrate, we believe, that the dentifrice of the appellant, as used by these dental surgeons, had a useful medicinal effect.

The Board of Appeals rejected all the claims, 1 to 18, inclusive. Claims 4, 9, and 14 are typical, and are as follows:

"4. The process of preparing a remedial medicine which consists in mixing fresh bile with glycerine, permitting the same to stand for a period of fermentation, subsequently removing therefrom cellular and foreign pathogenic matter, and sterilizing the glyceride of bile by subjection to heat treatment."

"9. As an article of manufacture a dentifrice comprising an excipient, a cleansing and polishing agent, and glyceride of bile admixed therewith."

"14. The process of manufacturing a toothpaste which consists in mixing fresh ox-gall and glycerine in substantially equal proportions, permitting the same to stand at a temperature of from 70° F. to 80° F. until the period of fermentation has substantially ended, filtering and removing cellular and pathogenic bacterial matter, adding to the residue glyceride of bile an amount of glycerine substantially three times the amount by weight of the glyceride of bile, and adding suitable flavoring and a polishing agent."

The claims originally rejected were numbered 1 to 18, inclusive. Attached to appellant's brief is a motion to dismiss the appeal as to claims 1, 2, 3, 12, 16, and 18. In addition to this, upon the hearing here, counsel for appellant moved to dismiss claim 5. These motions are allowed, and the appeal will be accordingly dismissed as to said claims 1, 2, 3, 5, 12, 16, and 18. This leaves for consideration claims 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, and 17.

The Board of Appeals cited the following references: Nichols, 249,478, November 15, 1881; Deikman, 307,748, November 11, 1884; Altwegg, 1,483,152, February 12, 1924; Baron, 1,621,186, March 15, 1927; Hiss & Ebert, New Standard Formulary, 1920, p. 199, U. S. Dispensatory (21st Ed.) pp. 526, 527, article on Glycerita; Textbook of Bacteriology by Hans Zinsser, 1930, pp. 133, 118.

Without going into the details, the Board of Appeals affirmed the action of the Examiner in rejecting said claims for the reasons stated by him, which reasons, as stated by the Board, were as follows:

"The Examiner rejected claims 3, 4, 6–8 and 12–16 as disclosing a process obvious to one skilled in the art and he calls attention to the step of filtering bacteria disclosed on page 118 of the Textbook of Bacteriology.

"Claims 2, 8, 9 and 10–18 are rejected on the ground that there is no invention in using appellant's preparation of glycerine and bile as a dentifrice. We agree with this holding of the Examiner.

"The final rejection by the Examiner of claims 2, 9, 10, 11, 17 and 18 as covering an aggregation of substances since there is no coaction or interdependence between the chalk, flavoring matter and other ingredients specified, is also well taken. See Ex parte Walker, 313 O. G. 231."

The references disclose the following:

The patentee Nichols shows an improved soft soap which he makes by compounding ox gall with glycerine and nine other substances, including such substances as alcohol, salsoda, and cantharides.

The patent to Deikman is for a liniment which contains a large number of constituents, two of which are beef's gall and glycerine.

The patent to Altwegg shows an improved method of producing a solution of volatile oils. In the specification of this patent it is stated: "All these solutions combine the properties of the bile salts of dissolving pus, mucus, and lipoid matter with the antiseptic effect of the volatile oils."

The patent to Baron is for an improved bowel evacuant or rectal injection in which the constituent elements are glycerine, ox gall, water, and gelatine. The specification discloses a preferred combination in which the glycerine element is 94 per cent., the ox gall 2 per cent., water 2 per cent., and gelatine 2 per cent. The ox gall element, it is stated, may vary between 15

per cent. and 2 per cent., and the glycerine from 50 per cent. to 94 per cent.

The Zinsser reference shows a bacteria filter of the hollow candle type, and also discloses a bile medium recommended for blood cultures, composed of ox bile 900 cc., glycerine 100 cc., and peptone 20 gms.

Hiss & Ebert, New Standard Formulary, discloses a glyceride of ox gall used chiefly in rectal injections, in which the constituents are inspissated ox gall, glycerine, salicylic acid, and water.

The reference to United States Dispensatory discloses the use of glycerine in medicine for its "preservative influence, which often protects against oxidation, and, by a destructive agency upon all of the lowest forms of vegetable and animal life, prevents the various fermentative processes so destructive to organic bodies."

The Examiner begins his discussion of the claims by stating that the step of filtering bacteria is a common practice, and we think this is fairly shown by the reference Zinsser. In addition, the Examiner states that sterilization with heat is old and well known, and that it is well known that heavy deposits will settle out on standing. These latter propositions are not controverted by appellant.

It seems quite evident, from a consideration of the references, that the prior art does not suggest in any way the use or availability for use of glyceride of bile as a medicinal composition or in a dentifrice. There is nothing in the cited art which suggests that it might be useful for this purpose. The Altwegg patent does disclose that bile salts are useful in dissolving pus and mucus, but nowhere have we found reference to the fact that the glyceride of bile will have the same useful effect. It does not follow that because one element of the combination, namely, bile, will have a destructive effect upon pus or mucus, that it will do so when combined with glycerine. Again, the prior art does not show any combination of glycerine and bile without other added elements; nor does it show a combination of 50 per centum bile and 50 per centum glycerine. In addition, if it was known in the art that such a combination of equal quantities of bile and glycerine would permit fermentation and produce the destruction of toxic agents and dangerous bacteria, it has not been disclosed here, except in appellant's application, specification, and affidavit. We think it has been fairly established from said specification and affidavit that the proportions of bile and glycerine that are used are critical in their nature, and that the appellant has invented a combination of chemical elements with new and useful properties.

Even if it be conceded that the filtering of his glyceride of bile and its following sterilization are old in the art, the product itself is not so shown to be. Certainly it can hardly be contended that a preparation of soft soap, or liniment, or bowel evacuant, or a rectal injection, especially when a large number of other materials, whose exact reaction is not disclosed, is used, are anticipatory of the disclosure made by the appellant here. In addition, the patent to Altwegg, which the Office seems to think is most in point, has to do with a combination of gall acids and volatile oils, which, of course, would not include glycerine, although it is erroneously stated by the Examiner that this patent shows "glyceride of bile as a pus solvent."

Claims 8, 9, 10, 11, and 17 were further rejected as covering an aggregation of substances, and, as authority for this action, Ex parte Walker, 1923 C. D. 39, 313 O. G. 231, is cited. The cited decision is that of the Commissioner of Patents, affirming the decision of the Examiners in Chief in rejecting a claim for an alleged new hair treating or food compound for hair. The Commissioner stated in his decision that all the ingredients of the compound had theretofore been used in compounds for this same purpose, except palm oil, and that olive oil, which was the equivalent of palm oil, had been used in this same relation. Therefore, the Commissioner was of opinion that the claimed combination was simply an aggregation. A similar case was In re Trattner, 58 App. D. C. 355, 30 F.(2d) 879.

We are unable to agree that the said claims were properly rejected on this authority. So far as the art discloses, glyceride of bile had never been used for the purpose suggested by appellant, namely, as a dentifrice, or for any similar purpose. Appellant's dentifrice, therefore, cannot be said to be simply an aggregation. It is, rather, a combination containing an element new to the art, and, although it may also contain chalk and other materials heretofore well known in dentifrices, because of the glyceride of bile element, it appears to be inventive.

·We are of opinion that claims 6, 7, 8, 11, 13, 14, 15, and 17 were improperly rejected.

Claims 4, 9, and 10, however, are sufficiently broad to read upon the prior art. In these claims, the proportions of bile which are mixed with glycerine are not stated. The court is therefore of the opinion that these claims were properly rejected.

In this connection, reference is hereby made to In re Faunce, 75 F.(2d) 207, 22 C. C. P. A. (Patents) ——, where a somewhat analogous question is involved.

The appeal is dismissed as to claims 1, 2, 3, 5, 12, 16, and 18. The decision of the Board of Appeals is affirmed as to claims 4, 9, and 10, and reversed as to claims 6, 7, 8, 11, 13, 14, 15, and 17.

Modified.

